IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID C. GEVAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-134-JPG-DGW |
| | ) | |
| R. SHEARING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Proceed without Written Report and Affidavit filed by Plaintiff, David C. Gevas, on April 17, 2014 (ECF 8).  The Motion is **DENIED**.

Plaintiff's complaint alleged claims of medical malpractice related to the medical care that he received while an inmate at the Menard Correctional Center.  On April 19, 2014, these state law medical malpractice claims were dismissed without prejudice because Plaintiff failed to attach a report and affidavit, for each Defendant, as required by state law (ECF 5).  *See* 735 ILL. COMP. STAT. §5/2-622(a) and (b) (as amended by P.A. 90-579, effective May 1, 1998).  In the Motion, Plaintiff seeks to proceed on the medical malpractice claims without providing the necessary affidavit and report.  In support, Plaintiff states that he is unable, because of his incarceration, to acquire the necessary documents and that expert testimony is not required in this matter.  There is no statute or rule of law that would exempt Plaintiff from the affidavit/report requirements of state law because of his incarcerated status.  Moreover, the fact that expert discovery may not be required in this matter does not negate the necessity of the documents to proceed on Plaintiff's state law claims.

Plaintiff's Motion to Proceed without written Report and Affidavit is accordingly **DENIED** (ECF 8).

**IT IS SO ORDERED.**

**DATED: May 9, 2014**

**DONALD G. WILKERSON**
**United States Magistrate Judge**