IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID C. GEVAS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-134-JPG-DGW |
| ) | |
| R. SHEARING, WEXFORD HEALTH) | |
| SOURCES, INC., NURSE BUTLER,) | |
| RONALD SKIDMORE, MS. MALLEY,) | |
| ASSISTANT WARDEN BUTLER, and) | |
| WARDEN HARRINGTON ) | |
| ) | |
|     Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

    Now pending before the Court are a number of motions filed by Plaintiff:

    1.    Motion for Recruitment of Counsel filed on May 19, 2014 (Doc. 24);

    2.    Motion for Leave to Proceed In Forma Pauperis filed on May 19, 2014 (Doc. 25);

    3.    Motion to Appoint Examiner filed on May 29, 2014 (Doc. 27);

    4.    Motion for Court Order filed on June 12, 2014 (Doc. 38); and,

    5.    Motion to Strike Motion to Copy filed on June 19, 2014 (Doc. 41).

**DISCUSSION**

*1. Motion for Recruitment of Counsel filed on May 19, 2014 (Doc. 24)*

    This Motion is **DENIED WITHOUT PREJUDICE**. Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an

attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff states that he has verbally asked appointed attorneys in other § 1983 cases that he is pursuing to represent him in this case but that they have declined to represent him. Plaintiff further states that he is hampered by a medical condition, bi-polar affective disorder, and the side effects of various medications, that he is unable to acquire an affidavit to support his medical malpractice claim, that he will have difficulty conducting discovery because the events giving rise to his complaint occurred at the Menard Correctional Center (Plaintiff currently is housed at Stateville Correctional Center), and that the medical issues that underlie his complaint are complex. This matter is currently set for a *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), hearing on October 10, 2014 to determine whether Plaintiff has exhausted his administrative remedies prior to filing suit. The Court will consider the recruitment of counsel after the issue of

exhaustion, which should not require much discovery, has been resolved.

2.     Motion for Leave to Proceed In Forma Pauperis filed on May 19, 2014 (Doc. 25)

This Motion is **DENIED AS MOOT**.  Plaintiff has paid the filing fee in full and service of process has been effected as to each Defendant.  Plaintiff does not offer a reason why he is seeking IFP status in light of the foregoing.

3.     Motion to Appoint Examiner filed on May 29, 2014 (Doc. 27)

This Motion is **DENIED**.  Federal Rule of Civil Procedure 35 provides that this Court may order a party to submit to a physical examination if that party's medical condition is in dispute.  Plaintiff seeks such an examination in order to perfect his medical malpractice claim and indicates that while he is willing to pay for the examination, he does not have a present ability to seek out a doctor to perform the examination.

In order for Plaintiff to pursue his medical malpractice claim, he is obliged to secure affidavits as outlined by Judge Gilbert (Doc. 5).  The Court acknowledges that it will be difficult for Plaintiff to acquire the necessary affidavits while he is incarcerated.  It does not follow, however, the Court must recruit a health professional to perform a consultation and produce the necessary report.  Rule 35 does not authorize the Court to appoint a medical expert, at Plaintiff's request, to examine the Plaintiff himself; rather, the Rule allows to the Court to direct an opposing party to make himself available for examination.  Therefore, if Plaintiff wishes to pursue his medical malpractice claim, and secure the necessary report, he must locate and retain an appropriate health professional (at his own cost) and coordinate his consultation with that health professional and with prison officials.  This Court cannot assist Plaintiff in seeking out a doctor to perform the examination.  As indicated above, this Court will consider the recruitment of counsel in this matter once the issue of exhaustion has been resolved.

3

4. Motion for Court Order filed on June 12, 2014 (Doc. 38); and, 5. Motion to Strike Motion to Copy filed on June 19, 2014 (Doc. 41).

In the first Motion, Plaintiff indicates that Defendants have not served him with copies of documents filed in this case; in the second Motion, Plaintiff notes that he did, nine days after the filing, receive copies. Accordingly, the Motion for Court Order is **STRICKEN** and the Motion to Strike is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: July 10, 2014**

            **DONALD G. WILKERSON**
            **United States Magistrate Judge**