IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID GEVAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-134-NJR-DGW |
| | ) |
| ROBERT SHEARING, | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| JEREMY BUTLER, | ) |
| RONALD SKIDMORE, | ) |
| NICKI MALLEY, | ) |
| ASSISTANT WARDEN KIMBERLY | ) |
| BUTLER, | ) |
| WARDEN RICHARD HARRINGTON, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 82), which recommends denial of the Motion for Summary Judgment on the issue of exhaustion filed on August 22, 2014, by Defendants Robert Shearing, Jeremy Butler, and Wexford Health Sources, Inc. ("Wexford") (Doc. 50).

Plaintiff David Gevas, an inmate in the Illinois Department of Corrections, filed this *pro se* lawsuit on February 6, 2014, pursuant to 42 U.S.C. § 1983. Plaintiff claims that while he was temporarily confined at Menard Correctional Center from August 21, 2013, to September 4, 2013, he was denied certain medications and medical treatments (Doc. 1). The Court conducted a threshold review of the complaint pursuant to

28 U.S.C. § 1915A, and the following claims survived:

> Count 1 against Defendants Robert Shearling, Jeremy Butler, Ronald Skidmore, Nicki Malley, Assistant Warden Kimberly Butler, and Warden Richard Harrington for deliberate indifference to a serious medical need in violation of the Eighth Amendment.
>
> Count 2 against Robert Shearling, Jeremy Butler, Ronald Skidmore, Nicki Malley, Assistant Warden Kimberly Butler, and Warden Richard Harrington for violation of Plaintiff's right to equal protection under the Fourteenth Amendment.
>
> Count 3 against Wexford Health Sources, Inc. for promulgating a policy, practice, and custom that violated Plaintiff's rights under the Eighth and Fourteenth Amendments.
>
> Count 4 against Wexford Health Sources, Inc. for retaliation in violation of the Eighth Amendment.
>
> Count 5 against Nicki Malley, Assistant Warden Kimberly Butler, and Warden Richard Harrington for negligence under Illinois state law.

(Doc. 5).[1]

On August 22, 2014, Defendants Shearing, Butler, and Wexford moved for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e) (Doc. 50). Plaintiff filed a timely response in opposition to the motion for summary judgment (Doc. 57), Defendants filed a reply (Doc. 59), and Plaintiff filed a sur-reply (Doc. 61). Plaintiff later filed an additional, supplemental brief (Doc. 81). As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on the issue of exhaustion on October 31, 2014. Following the *Pavey* hearing, on November 7, 2014, Magistrate Judge Wilkerson issued the Report and Recommendation currently

---

[1] Count 6 for medical negligence under Illinois state law against Defendants Robert Shearing, Jeremy Butler, Ronald Skidmore, and Nicki Malley was dismissed without prejudice because Plaintiff failed to file the requisite affidavit (*see* Doc. 5).

before the Court (Doc. 82). Objections to the Report and Recommendation were due on or before November 24, 2014. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). Neither party filed an objection.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed the briefs and exhibits submitted by the parties, as well as Magistrate Judge Wilkerson's Report and Recommendation. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson and adopts the Report and Recommendation in its entirety.

Plaintiff testified that he submitted three emergency grievances on August 23, August 25, and August 29, 2013, while he was housed at Menard, but he did not receive a response to any of those grievances. Magistrate Judge Wilkerson determined that Plaintiff's testimony was credible, and that credibility determination is entitled to deference because Magistrate Judge Wilkerson actually heard the testimony and

observed the demeanor of the witness. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011). Because prison officials failed to respond to Plaintiff's emergency grievances, they rendered his administrative remedies unavailable. *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005) (citing *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002)). Therefore, Plaintiff is deemed to have exhausted his administrative remedies. *Lewis*, 300 F.3d at 833.

For this reason, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 82), and **DENIES** Defendants' Motion for Summary Judgment on the issue of exhaustion (Doc. 50).

**IT IS SO ORDERED.**

DATED: December 2, 2014

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**
