IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID C. GEVAS,                              )
                                             )
    Plaintiff,                          )
                                             )
v.                                           )        Case No. 3:14-cv-134-NJR-DGW
                                             )
DR. ROBERT SHEARING, et al.,                 )
                                             )
    Defendants.                         )

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are Motions to Compel filed by Plaintiff, David C. Gevas, on December 8, 2014 (Docs. 95, 96, 97, 98, 99, 100, 101, and 102) and on December 16, 2014 (Doc. 106).   The first Motions to Compel are **DENIED WITHOUT PREJUDICE** (Docs. 95, 96, 97, 98, 99, 100, 101, and 102) and the last Motion to Compel is **DENIED WITH PREJUDICE** (Doc. 106).

In each of these Motions (except for #106), Plaintiff indicates that he served interrogatories on various Defendants on September 26, 2014.  He goes on to indicate that "but have not yet received the answers."   Attached to these motions, however, are responses to Plaintiff's interrogatories that were served in late October, 2014 or early November, 2014 – that is, Plaintiff did receive responses.   Plaintiff also states the he requires an answer to a particular interrogatory concerning the dispensing of prescribed medications while he was incarcerated at Menard Correctional Center over a two week period from August 21, 2013 to September 4, 2013 (an issue central to his lawsuit).   Again, the attached interrogatory answers do reflect various answers to this interrogatory.   Plaintiff does not indicate in any of these motions how the particular responses are inadequate or why this Court should compel additional responses.   Without any argument as

to why the answers are deficient, these motions must be **DENIED WITHOUT PREJUDICE**.

In the final Motion (Doc. 106), Plaintiff states that he served requests to produce upon Defendants Butler, Malley, Harrington, and Skidmore to produce various administrative directives and responses by Dr. Schiker and Warden Williams that are identified in a document authored by Administrative Review Board. Plaintiff states that he served these requests on November 7, 2014 but that he has not received a response. The Court notes that Plaintiff served this same discovery request on these same Defendants on July 20, 2014 and that he received responses from these Defendants that no such documents exist (as to Dr. Schiker's and Warden Williams' response to the ARB). This request and response were the subject of a Motion to Compel filed by Plaintiff on August 8, 2014 (Doc. 55) and an Order by this Court dated November 4, 2014 (Doc. 80). To the extent that Plaintiff is again seeking an order compelling responses to a request for production of the same documents served on the same Defendants, the Motion is **DENIED WITH PREJUDICE**. As to the "administrative directive" that Plaintiff seeks (identified as "04.03.100 A.K.A. AD 04.03.100"), the Motion is likewise **DENIED**. Plaintiff has neither attached the discovery request, he has not indicated the relevance of this administrative directive, nor has he indicated why he cannot acquire this document himself (which presumably is contained in Illinois' Administrative Code and not a document generated by Defendants).

**IT IS SO ORDERED.**

**DATED: December 18, 2014**

**DONALD G. WILKERSON**
**United States Magistrate Judge**