IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID C. GEVAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-134-NJR-DGW |
| ) | |
| DR. ROBERT SHEARING, WEXFORD) HEALTH SOURCES, INC., JEREMY) BUTLER, RONALD SKIDMORE, NICKI) MALLEY, ASSISTANT WARDEN) KIMBERLY BUTLER, and WARDEN) RICHARD HARRINGTON, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are a number of Motions filed by Plaintiff. The Court has reviewed the Motions and finds as follows:

1. Motion to for Leave to File Amended Complaint filed on September 25, 2014 (Doc. 65). This Motion is **DENIED**.

Plaintiff currently is proceeding on a deliberate indifference claim (Count 1), an equal protection claim (Count 2), a policy and practice claim (Count 3), a retaliation claim (Count 4), and a state law negligence claim (Count 5). In his Motion, Plaintiff states that he wishes to add "claims of failure to intervene and willful and wanton conduct under state of Illinois law, including adding negligence claim for all defendants'. [sic]" The proposed amended pleading is not materially different from the original complaint except with respect to paragraphs 38 and 39 in which Plaintiff alleges a claim of failure to intervene pursuant to state law and a "willfull and wanton conduct to medical needs . . . [in] violation [sic]" of state law. Federal Rule of Civil Procedure 15 provides that this Court may grant leave to amend the complaint and that leave

should be freely given. Leave may be denied if there has been undue delay or because of futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). Plaintiff's separate claim of willful and wanton conduct merely is repetitious of his claim for punitive damages. Plaintiff's state law claim of failure to intervene is unclear. Plaintiff offers no argument as to what this claim is or what state law or statutory authority would permit such a claim.

2. Motion for Relief from Order Rule 60 filed on November 7, 2014 (Doc. 84) and Motions to Appoint Counsel filed on November 17, 2014 (Doc. 88) and January 23, 2015 (Doc. 126). These Motions are **DENIED** for the reasons set forth in the Order dated November 4, 2014 (Doc. 80).

The Court acknowledges that Plaintiff is at a disadvantage because of his status as an inmate. Plaintiff's medical condition and access to legal material also hamper his ability to litigate this matter. However, the Court finds Plaintiff's statements, that he "does not know how to proceed further" to be disingenuous. Throughout these proceedings, Plaintiff has demonstrated an understanding of the Rule of Civil Procedure and of the types of information he may require in order to prosecute his case. In the Court's experience, this understanding is significantly superior to other inmates who litigate before this Court. While Plaintiff's discovery requests are not always artfully written or narrowly tailored, they represent a keen understanding of Plaintiff's claims and a desire to uncover the truth related to his allegations. The Court reiterates that throughout these proceedings, Plaintiff appears capable of following this Court's directions, seeking discovery for Defendants, and seeking relief from this Court -- he appears sufficiently competent to try this matter without counsel. Any strain or delay that may be caused by Plaintiff's lack of contact lenses, his medical condition, and lack of legal materials can be alleviated by extending certain deadlines

3. Motion to Enlarge Time to Amend Complaint filed on December 8, 2014 (Doc. 94). This Motion is **MOOT**. Plaintiff filed a Motion to Amend the Complaint on September 25, 2014 (Doc. 65) and again on October 16, 2014 (Doc. 71).

4. Motion for Leave to File filed on December 11, 2014 (Doc. 103). This Motion is **MOOT** because Plaintiff's related Motion for Leave to Amend (Doc. 71) was mooted on November 7, 2014 (Doc. 83).

5. Motion for Order to be Allowed Access to Legal Boxes filed on December 19, 2014 (Doc. 109). This Motion is **DENIED**. This Court does not manage the manner in which Plaintiff is allowed access to his personal property by prison officials.

6. Amended Motions to Compel filed on December 31, 2014 and January 9, 2015 (Docs. 111-116, 120, 121). These Motions are **DENIED**.

The Court has reviewed the interrogatories, which seek the name of the person who authorized the alleged discontinuation of Plaintiff's medication and an indication of whether the Defendant answering the interrogatory believes that Plaintiff should have received the medication, and the answers thereto. The Court finds that the answers are sufficient and no additional answer will be compelled. Based on the answers provided, it appears that Plaintiff should direct discovery requests related to his prescription medications to Dr. Robert Shearing.

7. Motion to Compel (re Requests to Produce) filed on January 9, 2015 (Doc. 123). This Motion is **DENIED**.

The Court has reviewed the requests to produce which seek information that is irrelevant to Plaintiff's claims or is overly broad. Documents related to Dr. Shearing's employment contract and any documents related to Defendants' "disciplinary history" are irrelevant to this lawsuit. In addition, the contract between Wexford and the IDOC is irrelevant to this suit.

8. The Motion for Extension of Time filed on January 23, 2015 (Doc. 127). This Motion is **GRANTED IN PART**.

Plaintiff indicates that he requires until February 28, 2015 to respond to certain

interrogatories. He further indicates that he does not have access to his legal materials and therefore cannot fully respond. Plaintiff shall respond to Defendant Wexford's, Shearing's, and Butler's interrogatories (served on November 14, 2014) by **March 13, 2015**. To the extent that Plaintiff does not have independent knowledge of the answers (and would have to refer to his legal materials to which he apparently does not have access), he should so indicate in his responses.

9. (Third) Motions to Compel filed on February 9, 2015 (Docs. 132, 134, 135, and 137). Motions # 134 and 135 are **DENIED** and Motions #132 and 137 are **DENIED WITHOUT PREJUDICE**.

Motion # 134 seeks information on Plaintiff's transport from Stateville to Menard on August 21, 2013 including information on the inmate he was transported with and the guards who were on duty at Stateville on that day who would have access to Plaintiff's property. This request was served upon Defendant Butler (an Assistant Warden at Menard). Plaintiff argues that the information is relevant because he was informed by the ARB (in response to a grievance) that according to Stateville staff, Plaintiff could have taken medication with him to Menard. Plaintiff argues that his bag was taken away from him by Stateville staff and he was presumably no allowed to take his medication with him (by Stateville staff). Plaintiff also indicates that another inmate was transported with him whose bag also was confiscated. Defendant objected to this document request by stating that the information is irrelevant to the medical care that Plaintiff received at Menard.

This information may be relevant to why Plaintiff did not have his medication with him when he got to Menard. However, the information is not relevant to his claim, in this suit, that the Defendants were deliberately indifferent to his medical needs by denying him his medication when he got to Menard. That is, this information may be relevant to a claim against a Stateville guard, but is not relevant to employees at Menard.

4

Motion # 135 contain interrogatories related to the contract between Wexford and the IDOC. As found above, the contract is irrelevant to Plaintiff's claims. No additional answers will be compelled.

As to Motions ## 132 and 137, Defendants seek additional time to respond which is **GRANTED.** Defendants shall respond to the discovery requests that are the subject of these Motions by **March 2, 2015**.

10. Motion to Strike Motion to Compel filed on February 20, 2015 (Doc. 141). This Motion is **GRANTED**. Motion to Compel (Doc. 133) is hereby **STRICKEN.**

11. (Fourth) Motions to Compel filed on February 20, 2015 (Docs. 138-140, 142-145). These Motions are **DENIED**.

Normally, this Court would wait for a response to Motions to Compel prior to ruling on them. However, no response is required as to these Motions. Disclosure of relevant Wexford insurance policies is not required in light of Defendant's statement that it is sufficiently insured to cover any loss suffered by Plaintiff for which Wexford (and its employees) is found liable (Doc. 138). Response to Plaintiff's interrogatories contained in Motions ## 139 and 140 and request to produce in Motion # 142 are sufficient. The responses to the discovery requests that are the subject of Motions ## 143, 144, and 145 are also sufficient.

15. Amend Motion for Extension of Time filed on February 20, 2105 (Doc. 146). This Motion is **GRANTED.** Plaintiff shall respond to the discovery requests by **March 31, 2015**.

**IT IS SO ORDERED.**

**DATED: February 24, 2015**

                                                  **DONALD G. WILKERSON**
                                                  **United States Magistrate Judge**