IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID C. GEVAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:14-cv-134-NJR-DGW |
| | ) |
| DR. ROBERT SHEARING, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are multiple Motion filed by the parties.

**1.     Motion for Protective Order filed by Defendants on January 7, 2015 by Defendants (Doc. 119).** Defendants seek a protective order that would essentially prevent Plaintiff from retaining copies of, in part, Wexford's contract with the Illinois Department of Corrections and various policies and procedures that are responsive to Plaintiff's request for production of documents. Defendants argue that the protective order would "allow for disclosure of such policies and procedures in a manner commensurate with IDOC facility security and the safety of IDOC and Wexford employees and contractors." Plaintiff objects, arguing that none of the documents requested would implicate the security of the prison and that he will need copies of the documents in order to review them. The Motion is **GRANTED** and a protective order will be entered with one caveat: After reviewing the documents produced by Defendant, Plaintiff may request a copy of the document by filing a motion with the Court. Upon the filing of the motion, Defendant shall produce the document for *in camera* inspection and the Court will determine whether Plaintiff may retain a copy during the pendency of this litigation.

2. **Motions for Relief from the February 24, 2015 (Doc. 149) Order filed by Plaintiff on February 27, 2015 and March 16, 2015 (Docs. 154 and 156).** On February 24, 2015, this Court issued an Order resolving a variety of discovery disputes contained in multiple motions to compel filed by Plaintiff. After reviewing the discovery requests, the answers thereto, and Plaintiff's arguments, this Court found that the discovery responses were sufficient. Plaintiff has not convinced the Court that the rulings are in error. These Motions are therefore **DENIED**.

3. **Motion to Appoint Expert filed by Plaintiff on March 23, 2015 and April 13, 2015 (Docs. 157 and 170).** Plaintiff seeks an Order appointing an expert, at Plaintiff's expense, to discuss his medical condition, his medication, and the effects of the medication. The appointment of a medical expert pursuant to Federal Rule of Evidence 706 may be necessary to "help sort through conflicting evidence . . . , but [the court] need not appoint an expert for a party's own benefit or to explain symptoms that can be understood by a layperson." *Turn v. Cox*, Fed.Appx. 463, 468 (7th Cir. 2014), citing *Ledford v. Sullivan*, 105 F.3d 354 (7th Cir. 1997). In *Ledford*, the Seventh Circuit noted that "[t]he test for deliberate indifference is not as involved as that for medical malpractice" and requires a subjective determination of whether an official "knows of and disregards a substantial risk of an inmate's health or safety." *Id.* at 359. If an expert could assist a jury in understanding evidence or deciding facts at issue, an expert may be used; however, expert testimony is not required to explain understandable symptoms.

Plaintiff states that an expert is required to explain the need for medication and the pain that Plaintiff suffered. Plaintiff's medical condition, the effects of his medications, and the pain and suffering he endured as a result of the lack of medication or the switch in medication are not areas that require an expert and are matters that are within the ordinary understanding of a jury. Plaintiff suffered from chronic pain and urinary/prostate issues and wore contact lenses. Plaintiff

claims that the treatment for these conditions was interfered with by medical staff at Menard Correctional Center for a two-week period and that he suffered as a result. The explanation of these facts to a jury does not require an expert. An expert also would not be required to address credibility concerns or to recount facts that would be testified to by fact witnesses. These Motions are **DENIED**.

4. **Motion for Oral Depositions and/or Depositions upon Written Questions filed by Plaintiff on March 23, 2015 (Doc. 159).** This Motion is **GRANTED IN PART.** Plaintiff may depose Defendants by using the procedures outlined in Federal Rules of Civil Procedure 30 and 31. Once Plaintiff has determined which stenographer he wishes to use and makes financial arrangements with him/her, Plaintiff should have the stenographer contact the Court to arrange a time and date for Plaintiff to appear by video-conference for a deposition to occur at the Courthouse in East St. Louis, Illinois (or at another mutually convenient location). Plaintiff shall also submit to the Court a notice as required by the Rules (with a time/date section left blank) Once the date/time have been established, Plaintiff should prepare and serve the notices as required by the Rules. The Court will assist Plaintiff in coordinating the time/date of the deposition with the stenographer and shall issue a writ for Plaintiff's appearance (by video-conference).

5. **Motion to Serve Interrogatories on Non-Defendants filed by Plaintiff on March 23, 2015 (Doc. 160).** This Motion is **DENIED**. Plaintiff seeks to serve interrogatories on Louis Schicker, Sarah Johnson, and S.A. Godinez. None of these persons are parties to this lawsuit. Federal Rule of Civil Procedure 33 only contemplates interrogatories to parties and not to those who may only be witnesses. If Plaintiff seeks to acquire information from these persons, he may use the procedures outlines in Rule 30 and 31. To that end, the Clerk of Court shall provide

Plaintiff with 3 blank subpoenas. Plaintiff shall fill out the subpoenas and submit them to the Court for review along with a notice of deposition (with the date/time left blank). Once Plaintiff has arranged for a stenographer, he/she shall contact the Court as outlined above to arrange for a date/time for the deposition to occur.

6. **Motion for Enlargement filed by Plaintiff on March 23, 2015 (Doc. 161) and the Motion to Strike filed by Plaintiff on April 20, 2015 (Doc. 173)**. The Motion for Enlargement (Doc. 161) is hereby **STRICKEN** and Motion to Strike (Doc. 173) is **GRANTED.**

7. **Motion for Order Compelling Discovery filed by Plaintiff on April 6, 2015 (Doc. 166).** Plaintiff seeks an Order compelling Defendants to transcribe the medical records and to provide the full spelling of abbreviated words. In response to this request (which was made in a request to produce), Defendants correctly indicated that they are, essentially, under no obligation to transcribe/interpret the medical records. This Motion is accordingly **DENIED**.

The Court notes that the discovery deadline in this matter is May 8, 2015. There is no pending Motion for Extension of the Discovery Deadline pending. If, however, Plaintiff wants to depose defendants and other witnesses as indicated above, the Court will entertain an extension of the discovery deadline for that purpose. Finally, Plaintiff has elected to file reply briefs to various motions (Docs. 64, 72, 105, 128, 129, 136, 158, 165, 168, 169, and 172) which add nothing substantial to arguments already made in motions. Reply briefs are disfavored in this District and should only be filed in exceptional circumstances. *See* Local Rule 7.1. No reply brief filed by Plaintiff has set forth any exceptional circumstances that would warrant the filing of a reply brief. The Court notes that Defendants also filed a reply brief on January 30, 2015 (Doc. 131) which did not indicate what exceptional circumstances warranted the filing. While none of the reply briefs will be stricken at this time, the parties to this action **SHALL NOT** file any further reply brief or

supplemental brief without first seeking, and receiving, permission by the Court.

**IT IS SO ORDERED.**

**DATED: April 21, 2015**

                                                                **DONALD G. WILKERSON**
                                                                **United States Magistrate Judge**