IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID C. GEVAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:14-cv-134-NJR-DGW |
| | ) |
| DR. ROBERT SHEARING, WEXFORD HEALTH SOURCES, INC., JEREMY BUTLER, RONALD SKIDMORE, NICKI MALLEY, ASSISTANT WARDEN KIMBERLY BUTLER, and WARDEN RICHARD HARRINGTON, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are a number of Motions (Docs. 179, 180, 181, 183, 184, 189, 190, 191, 195, 196, 197, 198, 199, 205, 208, 210, 211, 213, 216, 217, 218, 220, and 223) which will be taken in turn.

On April 21, 2015, this Court issued an Order on various discovery disputes and requests (Doc. 174). As a result of that Order, Plaintiff was given a procedure by which to conduct and view various discovery:

> 1. Plaintiff was directed to inform the Court if he required copies of documents produced pursuant to the Protective Order (Doc. 175);
>
> 2. Plaintiff was directed to acquire and make financial arrangements with a stenographer for depositions and direct the stenographer to contact the Court to make arrangements for the timing and location of depositions; and,
>
> 3. Plaintiff was directed to fill out subpoenas for Court inspection if he seeks to acquire documents/deposition for non-parties.

While Plaintiff has filed a notice of deposition,[1] the record does not reflect that he has submitted subpoenas for review. Plaintiff now seeks, among other things, various types of relief related to that Order.

## DISCUSSION

1. Plaintiff's Motion for Extension of Time to File is **GRANTED** (Doc. 179). Plaintiff seeks until May 22, 2015 to respond to Defendants' (Harrington, Butler, Malley and Skidmore) requests to produce and interrogatories. Response served by May 22, 2015 are deemed timely.

2. Plaintiff's Motion for Extension of time to Complete Discovery is **GRANTED IN PART** (Doc. 180). Plaintiff seeks additional time to conduct depositions. *See* paragraph 19, *infra*.

3. Plaintiff's Motion for Court Assistance is **DENIED** (Doc. 181) Plaintiff seeks Court assistance in finding stenographers to assist him in deposing witnesses. The Court has no obligation to assist Plaintiff in securing a stenographer to take depositions nor does any rule of law allow the Court to compel a stenographer to work for Plaintiff and provide services. As a courtesy, the Court has offered to coordinate with such a person in light of Plaintiff's incarceration. However, such courtesy does not extend to doing Plaintiff's legwork for him.

4. Plaintiff's Motion to Proceed on Medical Malpractice Claims is **DENIED** (Doc. 183). As noted in the Order dated April 9, 2014, State law requires Plaintiff to provide a supporting affidavit for a medical malpractice claim (Doc. 5). As set forth in this Court's April 21, 2015 Order (Doc. 174), a medical expert is not required at trial on Plaintiff's Eighth Amendment Claim. The Court

---

[1] Plaintiff has submitted one document entitled "Notice of Deposition Upon Oral Examination" and lists Sarah Johnson, S.A. Godinez, and Louis Schicker (Doc. 187). At this point, the Court does not offer an opinion as to the sufficiency of this notice.

adopts and incorporates Defendants' (Doc. 192) thorough response to this Motion setting forth the difference between a state law claim of medical malpractice and an Eighth Amendment claim of deliberate indifference.

5. Defendants' Request for Extension of Time is **GRANTED** (Doc. 184). Defendants seek until May 19, 2015 to respond to Plaintiff's requests to produce (initial and supplemental) and interrogatories. Responses served by that date are deemed timely.

6. Plaintiff's Motion to Compel is **DENIED** (Doc. 189). Plaintiff seeks complete answers from Defendants Shearing and Wexford to interrogatories 1 and 2. The Court has reviewed the discovery requests and finds the responses to be sufficient. Of course, Defendants are obligated to supplement their responses once their investigation is complete or additional information becomes available.

7. Plaintiff's Motion to Compel is **DENIED** (Doc. 190). Plaintiff seeks a non-"evasive" answers to an interrogatory that seeks an explanation of why he was prescribed Hytrin instead of Flowmax. The response essentially states that the two medications are interchangeable. The response appears sufficient and not evasive.

8. Plaintiff's Motion for Recruitment of Counsel is **DENIED** (Doc. 191). Again, and for the reasons set forth in this Court's previous Orders, Plaintiff appears capable and competent to litigate this matter without the assistance of counsel.

9. Plaintiff's Motion to Appointment Expert is **DENIED** (Doc. 195). For the reasons set forth in this Court's previous Order (Doc. 174), an expert will not be appointed in this matter.

10. Plaintiff's Motion to Compel is **DENIED** (Doc. 196). If Plaintiff believes that there is a relevant discrepancy in discovery responses, then he should point them out in responses to motions for summary judgment or at trial.

11. Plaintiff's Motion to Compel and/or Strike is **DENIED** (Doc. 197). Plaintiff has now received a copy of his deposition for review and an errata sheet.

12. Plaintiff's Motion to Compel is **DENIED AS MOOT** (Doc. 198). It appears that Defendant Butler failed to respond to one of Plaintiff's discovery requests but has now rectified the oversight. The Court finds that the failure to respond was inadvertent and that Plaintiff suffered no prejudice in light of the extensions of time that are directed in this Order.

13. Plaintiff's Motion to Compel is **MOOT** (Doc. 199) (see paragraph 21, *infra*).

14. Plaintiff's Motion to Compel is **TAKEN UNDER ADVISEMENT** (Doc. 205). Plaintiff seeks copies of "movement logs" during his stay at Menard from 8/21/13 to 9/4/13. He states that he served this discovery request upon Defendants Butler, Malley, and Skidmore but that he has not received a response. These Defendants have not filed a response. Defendants **SHALL** respond to the Motion within 7 days of the date of this order indicating the status of their response to Plaintiff's discovery request.

15. Defendants' Motion to Amend Scheduling Order is **MOOT** (Doc. 208). Defendants note that, at the time the Motion was filed, various discovery motions were pending and that they required additional time to file a dispositive motion. Since that time Defendants have filed a Motion for Summary Judgment (Doc. 213).

16. Plaintiff Motion to Compel is **DENIED** (Doc. 210). Plaintiff seeks the following documents: "All documents, items of evidence, sworn or unsworn statements or affidavits that relate to the allegations made in Plaintiff's complaint." This request is overly broad and a response will not be compelled.

17. Plaintiff's Motion to Compel is **DENIED** (Doc. 211). Plaintiff has not demonstrated how any of the documents requested are relevant to a claim or defense.

18. Defendants' (Butler, Harrington, Malley, and Skidmore) Motion for Extension of Time is **GRANTED** (Doc. 216). The dispositive Motion filing deadline is **EXTENDED** to **July 31, 2015**.

19. Plaintiff's Amended Motion for Court Assistance is **DENIED** (Doc. 217). Plaintiff seeks Court assistance in acquiring a stenographer. As indicated above, the Court has no obligation to assist Plaintiff in securing a stenographer to take depositions nor can the Court compel any person to provide such services. However, the Court will **GRANT** Plaintiff until **July 24, 2015** to secure a stenographer in order to proceed with depositions. No further extensions will be granted.

Plaintiff is reminded that he should have the stenographer contact the Court, by that date, in order to arrange a time for the depositions.

20. Plaintiff's Motion to Compel is **TAKEN UNDER ADVISEMENT** (Doc. 218). For the same reasons as stated above in paragraph 14 regarding Doc. 205, relevant Defendants shall respond to this motion within 7 days of the date of this Order.

21. Plaintiff's Motion for Copy is **TAKEN UNDER ADVISEMENT** (Doc. 220). Plaintiff states that he has reviewed a copy of the contract between Wexford and the Illinois Department of Corrections. He further states that he was able to view the document for 90 minutes and was only able to reach page 85 of the documents. Pursuant to the Protective Order (Doc. 175) and this Court's previous discovery Order (Doc. 174), he requests a copy of the document in order to respond to the Motion for Summary Judgment and at trial. Defendants are directed to e-mail to chambers a copy of the contract for *in camera* inspection by July 10, 2015. By that date, July 10, 2015, Plaintiff shall also file with the Court a notice indicating which of the 85 pages he did review that he believes are relevant to his claims. In filing such a notice, the Plaintiff shall refer to this Order.

22. Plaintiff's Motion for Extension of Time to Respond to the Motion for Summary Judgment is **GRANTED** (Doc. 223). Plaintiff shall file a response by **August 3, 2015**. This Court may extend the deadline again if Plaintiff is able to depose his witnesses and he makes a showing, pursuant to Federal Rule of Civil Procedure 56(d), that their deposition testimony (or other evidence) is necessary to justify his opposition.

The general discovery deadline of May 8, 2015 has not been extended. However, the Court may extend the deadline for the limited purpose of Plaintiff conducting depositions (provided the procedures outlined by the Court above have been followed).

**IT IS SO ORDERED.**

**DATED: June 30, 2015**

                                            **DONALD G. WILKERSON**
                                            **United States Magistrate Judge**