IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID C. GEVAS,                          )
                                         )
      Plaintiff,                         )
                                         )
    v.                                   )      Case No. 3:14-cv-134-NJR-DGW
                                         )
DR. ROBERT SHEARING, WEXFORD)
HEALTH SOURCES, INC., JEREMY)
BUTLER, RONALD SKIDMORE, NICKI)
MALLEY, ASSISTANT WARDEN)
KIMBERLY BUTLER, and WARDEN)
RICHARD HARRINGTON,                      )
                                         )
      Defendants.                        )

## ORDER

**WILKERSON, Magistrate Judge:**

On July 10, 2015, this matter was set for a telephonic status conference to discuss the scheduling of three depositions that Plaintiff seeks to conduct.   The status conference, however, was deemed to be unnecessary in light of the lack of objection from Defendants as to the proposed depositions (Doc. 246).   Plaintiff has supplied the Court with subpoenas directed to Louis Shicker,[1] who works in Chicago, Illinois, Sarah Johnson, who works in Springfield, Illinois, and Christi Rayburn, who works in Menard, Illinois.   The Court understands that each of these persons are either employed by or connected to the Illinois Department of Corrections.   Plaintiff also has retained the services of Keefe Reporting.   The Court previously indicated that, in light of Plaintiff's incarceration, it would assist in providing facilities for the depositions.   Plaintiff, however, is not proceeding *in forma pauperis* in this action and the Court's involvement is limited to providing facilities for the depositions as a courtesy to Plaintiff, who is incarcerated.

After reviewing Plaintiffs proposed subpoenas (Doc. 231), the Court notes that Louis

---

[1]  The Court believes that this person's true name is Louis Schicker.

Schicker's employer address is more than 100 miles from the East St. Louis Courthouse.  A subpoena will not issue as to Mr. Schicker.[2]  Fed.R.Civ.P 45(c)(1)(A).  Both Ms. Johnson and Ms. Rayburn are employed within 100 miles of the East St. Louis Courthouse.   Plaintiff also has indicated in each of the deposition notices that the witness must produce certain documents that are bates stamped.   Plaintiff is informed that these witnesses, notwithstanding their employment by the Illinois Department of Corrections, are not parties to this suit and would not have access to documents produced in this matter.   The Court notes that Plaintiff also did not check the box marked "testimony."   If Plaintiff wants the witnesses to review documents during a deposition, he should provide a copy of the documents to the witnesses (and serve them upon Defendants) along with the subpoena.   Moreover, if he wants to depose these witnesses (as opposed to having them merely supply documents), he should check the "testimony" box.

In light of the foregoing, the following is hereby **ORDERED**:

1. The Clerk of Court is **DIRECTED** to forward to Plaintiff two signed subpoenas to testify at a deposition in a civil action along with a copy of this Order.

2. Plaintiff shall fill out the subpoenas consistent with the above findings as to Christi Rayburn and Sarah Johnson.  Plaintiff should be sure to provide the time and date indicated below in the subpoenas.

3. Plaintiff may serve the subpoenas by certified mail with a return receipt.  In serving the subpoenas, Plaintiff should include any documents that he wants the witnesses to review during the deposition.  Plaintiff also should include a copy of this Order.  Plaintiff is informed that the address for the Menard Correctional Center is: 711 Kaskaskia Street, Menard, Illinois 62259.

---

[2] If Plaintiff seeks to depose Mr. Schiker, he must independently make arrangements to depose him within the distance proved by the Federal Rules.

4. Plaintiff must also tender, to the witnesses, a witness fee consistent with 28 U.S.C. § 1821(b) in the amount of $40.00.   The Court assumes that the witnesses will travel by personal car to the depositions; therefore, Plaintiff shall also tender a mileage fee of $0.575 per mile.   Based on the Court's calculation (and the address provided by Plaintiff), the mileage for Sarah Johnson is $56.23 (99 miles times $0.575).   The mileage for Christi Rayburn is $33.35 (58 miles times $0.575).   Plaintiff should tender these amounts to the witnesses along with the subpoenas ($96.23 to Sarah Johnson and $73.35 to Christi Rayburn).

5. The depositions shall occur at the Federal Courthouse in East St. Louis (750 Missouri Ave., East St. Louis, IL 62201) in the visiting Judge's Courtroom, third floor, on **September 24, 2015**.   Plaintiff shall appear by videoconference and the Court shall issue all writs necessary for his appearance.   All witnesses, stenographer, and attorneys shall appear in person.   Plaintiff shall be responsible for the stenographer's and his own prompt appearance.

6. The depositions shall be no longer than **2 Hours** each.   Plaintiff's examination shall be no more than 1 hour.   Plaintiff should formulate his questions accordingly.   Defendants' cross-examination shall be no more than a combined 45 minutes.   Plaintiff's re-cross shall be no more than 10 minutes.   Ms. Rayburn's deposition shall being promptly at 10:00 a.m. and Ms. Johnson's deposition shall begin promptly at 1:30 p.m. on September 24, 2015.

In summary: Plaintiff shall fill out subpoenas for Ms. Johnson and Ms. Rayburn.   He may serve the subpoenas by certified mail, with a return receipt.   He should include, along with the subpoenas, a copy of this Order, any documents he wants the witnesses to review during their deposition, and the witness fee and mileage fee.   He shall also **FILE** with the Court a copy of the subpoenas and proof of mailing.   Plaintiff should accomplish these tasks quickly in order to provide sufficient notice to the witnesses.

**IT IS SO ORDERED.**

**DATED: August 11, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**