IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID C. GEVAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-134-NJR-DGW |
| ) | |
| DR. ROBERT SHEARING, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the (First) Motion to Compel filed by Plaintiff on June 30, 2015 (Doc. 227), the Motion for Extension of Time to Respond to the Motion for Summary Judgment filed by Plaintiff on July 28, 2015 (Doc. 244), the Motion to Amend Scheduling Order filed by Defendants on July 31, 2015 (Doc. 245), the (Second) Motion to Compel filed by Plaintiff on August 11, 2015 (Doc. 248), the Motion to Proceed on Negligence and/or Malpractice Claim filed by Plaintiff on August 11, 2015 (Doc. 249), The Motion for Order filed by Plaintiff on August 20, 2015 (Doc. 252), and the (third) Motion to Compel filed by Plaintiff on August 27, 2015 (Doc. 255). Also before the Court is the issue of Wexford's contract with the Illinois Department of Corrections and Plaintiff's request for copies of various pages contained in that document (Doc. 230).

### DISCUSSION

In Plaintiff's (First) Motion to Compel, he seeks an order compelling the production of documents related to Blink Rewetting Drops ordered and received from Boswell Pharmacy Services. Defendants have indicated that have produced responsive documents in their possession and that they requested other documents from Boswell, as a courtesy to Plaintiff, but

that no documents were produced (Doc. 234). The Court finds Defendant's response satisfactory. To the extent that Plaintiff seeks documents from Boswell Pharmacy Services, he should have done so by subpoena (because it is a third party to this litigation). The Motion to Compel is **DENIED** (Doc. 227).

This Court recently entered an Order setting deposition dates for various Defendants and third parties. Accordingly, the discovery deadline in this matter is extended to **October 7, 2015** *solely for the purpose of conducting depositions*. In light of this extension, the dispostive motion filing deadline is extended to **October 30, 3015.** Plaintiff's response to the pending Motion for Summary Judgment (Doc. 213) also is due by **October 30, 2015**. A telephonic status conference is hereby **SET** for **March 22, 2016** at **2:00 p.m.** IDOC Defendants shall initiate the phone conference. A Final Pretrial Conference will be set before the trial Judge. The Jury Trial is hereby **RESET** to **April 20, 2016 at 9:00 a.m.**

Plaintiff's Motion for Extension of Time is **GRANTED** (Doc. 244) and Defendant's Motion to Amend Scheduling Order is **GRANTED** (Doc. 245).

Plaintiff's (Second) Motion to Compel (Doc. 248) concerns a request to the Illinois Department of Corrections Defendants seeking a copy of Plaintiff's movement logs during the relevant time period. These documents were the subject of previous Motions to Compel (Docs. 205 and 218) which the Court took under advisement in an Order dated June 30, 2015 (Doc. 226). In that Order, Defendants were directed to respond to the Motions (Docs. 205 and 218) within 7 days of the date of the Order. In their response, Defendants indicated that they responded with a copy of the log but that Plaintiff indicated that it was not the document that he requested (Doc. 229). Plaintiff provided an example of the document he requests and Defendants stated that they would search for the document and provide the same if it is found. In the present motion, Plaintiff

states that no further documents have been produced. Defendants have represented that they have produced all documents responsive to the discovery request (Doc. 251). This Motion is accordingly **DENIED** (Doc. 248). For these same reasons, Plaintiff (Third) Motion to Compel is likewise **DENIED** (Doc. 255).

As to Motion to Proceed on Negligence and/or Malpractice (Doc. 249), notwithstanding Plaintiff's artful rewording of the nature of his claim, he is still seeking to amend his complaint to include a state law claim of medical malpractice. As explained in previous orders, such a claim requires an affidavit. This Motion is accordingly **DENIED** (Doc. 249). The Court has already addressed this claim a total of 4 times. Filing repetitive motions with no change in substance is a waste of the Court's time and resources. Plaintiff should be mindful of this in any future motion he files.

In the Motion for Order (Doc. 252), Plaintiff essentially seeks reconsideration of that part of an August 18, 2015 Order indicating that a subpoena would not issue as to Louis Schicker that would mandate his appearance for a deposition in the Federal Courthouse in East St. Louis, Illinois (Doc. 250). In the proposed subpoena provided by Plaintiff, he indicates that Dr. Schicker works in Chicago, Illinois, a location that is more than 100 miles from the Courthouse. Plaintiff now seeks an Order commanding Dr. Schicker to appear by videoconference or telephone from Chicago, Illinois. Plaintiff states that Dr. Schicker has access to videoconference equipment and a telephone at this work location.

As this Court previously indicated, the subpoena power outlined in Federal Rule of Civil Procedure 45 only extends to 100 miles of Dr. Schicker's work place. FED.R.CIV.P 45(c)(1)(A). Therefore, a subpoena cannot issue commanding Dr. Schicker's physical appearance in East St. Louis, Illinois. However, a subpoena can issue for Dr. Schicker to appear by telephone from his

location (it is unlikely that the *Court's* videoconferencing equipment would accommodate two remote participants (i.e. Plaintiff and Dr. Schicker)). This Motion is accordingly **GRANTED**. Directions regarding the deposition will be outlined in a separate Order.

Finally, the Court has had the opportunity to review the contract between Wexford Health Sources, Inc. and the IDOC and the pages designated by Plaintiff as relevant to his claim. Plaintiff has indicated that he only was able to review 85 pages of the document and that he requires a copy of pages 3-7, 9, 10, 15-20, 25, 35, 39, 75-77, and 79. Defendant has provided a redacted version of the document, which totals 282 pages. The Court notes that pages 1 through 85 represent the contract and the remaining pages are exhibits, schedules, vendor, and other information that are not relevant to this matter – as such, further review of the contract by Plaintiff is unnecessary. The contract itself does not concern any individual inmate; rather, it is a general agreement as to the medical care that Wexford will provide to inmates at various correctional centers.

Plaintiff is proceeding on claims related to a two week period when he was temporarily confined at the Menard Correctional Center in August and September, 2013. During that time period, Plaintiff was allegedly denied various medications for which he had prescriptions. Plaintiff alleges that these denials violated his constitutional rights. As to Defendant Wexford (and its employees), Plaintiff claims that it has promulgated a policy of denying prescription medications to inmates on temporary transfers away from their home institutions – actions that violate his right to equal protection, the Eighth Amendment, and the First Amendment (because the actions were taken in retaliation). Plaintiff claims that the contract is relevant to his claims.

The contract sets forth various requirements and actions that must be undertaken by Wexford in relation to its care and treatment of inmates' health. Section 2 of the contract (pages 4

through 25), entitled "Description of Supplies and Services" appears to be the only section that might be relevant to Plaintiff's claim that Wexford maintains an unconstitutional policy and/or practice with respect to inmates who are on a temporary transfer.[1] While the Court offers no opinion as to whether these statements qualify as policies and practices of Wexford or whether they would ultimately support the claims made by Plaintiff, the Court finds that the following sections requested by Plaintiff would be relevant to establishing a baseline of what Wexford policies/practices should be based on:[2]

> Sections 2 (3 paragraphs only), 2.1 (one paragraph only entitled "GOAL"),
>
> 2.2.2 (one paragraph only) and subsections 2.2.2.1 – 2.2.2.4, 2.2.2.7 – 2.2.2.9, 2.2.2.11, 2.2.2.13, 2.2.2.21, 2.2.2.24, 2.2.2.25, and 2.2.2.28 only,
>
> 2.2.3 (two paragraphs and chart) and 2.2.3.1 (and subsections),
>
> 2.2.3.13 (and subsections),
>
> 2.2.5 (and subsections), and
>
> 2.2.7 (and subsections).

In addition, the Court finds that the section providing definitions (pages 75-77) also is relevant.

Defendant Wexford shall provide Plaintiff a copy of the foregoing for use in this litigation only by **September 11, 2015**. Plaintiff is **DIRECTED**, because of the confidential nature of the document, that:

> 1. The document may not be reproduced in any fashion, way, or method. The Court will maintain a copy of the document for purposes of this litigation only.
>
> 2. The document may not be given to or discussed with any other person unrelated

---

[1] Section 1 relates to termination of the contract, section 3 outlines compensation and pricing, section 4 contains standard contract language, section 5 addresses certifications, section 6 contains disclosures, and section 7 contains "supplemental provisions."

[2] Plaintiff provided page numbers, however not all information contained on the pages is relevant to Plaintiff's claims. Therefore, the Court designates section numbers, all of which are contained on the respective pages identified by Plaintiff.

to this litigation.

3. Plaintiff may not write on the document or otherwise alter the document.

4. The original document shall be returned to Defendant Wexford at the conclusion of this litigation in this Court. Plaintiff shall file a notice to that effect within 5 days of the entry of final judgment in this matter in this Court.

Failure to abide by these conditions may result in dismissal, with prejudice, of this action. If Defendant believes that other safeguards are necessary, they shall promptly file a Motion for Protective Order.

## CONCLUSION

For the foregoing reasons, the (First) Motion to Compel filed by Plaintiff on June 30, 2015 is **DENIED** (Doc. 227), the Motion for Extension of Time to Respond to the Motion for Summary Judgment filed by Plaintiff on July 28, 2015 is **GRANTED** (Doc. 244), the Motion to Amend Scheduling Order filed by Defendants on July 31, 2015 is **GRANTED** (Doc. 245), the (Second) Motion to Compel filed by Plaintiff on August 11, 2015 is **DENIED** (Doc. 248), the Motion to Proceed on Negligence and/or Malpractice Claim filed by Plaintiff on August 11, 2015 is **DENIED** (Doc. 249), The Motion for Order filed by Plaintiff on August 20, 2015 is **GRANTED** (Doc. 252), and the (third) Motion to Compel filed by Plaintiff on August 27, 2015 is **DENIED** (Doc. 255).

**IT IS SO ORDERED.**

**DATED: August 27, 2015**

*(signature: Donald Wilkerson)*

**DONALD G. WILKERSON**
**United States Magistrate Judge**